J-S08007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMMY LEE MILLER | : | |
| | : | |
| Appellant | : | No. 2715 EDA 2024 |

Appeal from the PCRA Order Entered September 6, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000845-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED APRIL 14, 2025**

Appellant, Tommy Lee Miller, appeals from the September 6, 2024 order entered in the Monroe County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Counsel for Appellant has filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel.[2] After careful review, we deny counsel's petition to withdraw and direct counsel to file an advocate's brief.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant's counsel purports to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as is the case here, the dictates of **Turner** and **Finley** are applicable. **Commonwealth v. Wrecks**, 931 A.2d 717, 721
*(Footnote Continued Next Page)*

The relevant facts and procedural history are as follows. On April 26, 2023, Appellant appeared before the trial court for sentencing in an unrelated case in which he had pleaded guilty to theft (the "theft case"), and, at the same time, to enter an open guilty plea in the instant matter to Aggravated Harassment by a Prisoner (the "aggravated harassment case").[3, 4] Prior to entering his guilty plea, Appellant completed a written guilty plea and colloquy form.

At the commencement of the hearing, the trial court conducted a thorough on-the-record guilty plea colloquy and accepted Appellant's plea. When Appellant finished entering his guilty plea, Appellant's counsel, in her sentencing argument, requested that the court sentence Appellant to the State Drug Treatment Program ("SDTP") and informed the court that the Commonwealth had agreed to waive any factors that would disqualify him from SDTP. The Commonwealth then notified the court that it had only agreed to waive Appellant's ineligibility for SDTP with respect to the theft case and not for the aggravated harassment case.

_____

(Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under **Anders**, but under **Turner** and **Finley**). However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no merit" letter. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will refer to counsel's erroneously titled **Anders** brief as a **Turner**/**Finley** brief.

[3] 18 Pa.C.S. § 2703.1.

[4] Appellant admitted throwing a cup of urine on a corrections officer while in custody in the Monroe County Correctional Facility.

Ultimately, the trial court sentenced Appellant to a term of 24 to 84 months of incarceration for his Aggravated Harassment conviction. With respect to Appellant's request for SDTP, the trial court explained as follows:

> I am going to make a recommendation that you be considered for [SDTP]. I don't know if the Commonwealth is in a position to join that recommendation. I'll make it – it'll be up to the State to decide whether or not you'll be eligible for that program. But without their consent, it may be more difficult for you to be considered. This Assault on Prisoner [*sic*] [c]harge may be a disqualifier right out of the box as far as [the] State is concerned. I have no control over that[.]

N.T. Plea/Sentencing Hr'g, 4/26/23, at 12.

Following the hearing, the court issued a written order reflecting imposition of this sentence, recommending that Appellant be considered for SDTP, and noting that "[t]he Commonwealth does not agree to waive any disqualifiers for said program." Order, 4/26/23, at 1. Appellant did not file a post-sentence motion or a direct appeal from his judgment of sentence.

On February 8, 2024, Appellant *pro se* filed a timely first PCRA petition claiming that his plea counsel had been ineffective, resulting in an unlawfully induced guilty plea. In particular, he asserted that he pleaded guilty because his counsel erroneously informed him that he would be sentenced to SDTP, and not to incarceration, even though counsel knew that Appellant's prior convictions rendered him ineligible for the drug treatment program. PCRA Petition, 2/8/24, at 4. The PCRA court appointed counsel, who, on April 19, 2024, filed an amended petition reasserting the claims Appellant raised in his *pro se* petition.

On June 25, 2024, the PCRA court held a hearing at which Appellant's plea counsel testified. Plea counsel testified that in her pre-plea discussions with Appellant she brought up the possibility of SDTP and told him that she thought it was a "very possible outcome in his case[.]" N.T. PCRA Hr'g, 6/25/24, at 9. She further testified that she had worked with the Commonwealth to develop a global resolution to all his pending charges and that the Commonwealth "had agreed to waive any disqualifiers from the program." *Id.* Plea counsel testified that she believed the Commonwealth had orally agreed to waive Appellant's ineligibility for SDTP for both the theft case and the aggravated harassment case. She agreed that her position was, however, inconsistent with the written "global resolution" plea form. She also agreed that Appellant met the statutory definition of a person ineligible for SDTP and that pleading guilty to Aggravated Harassment by Prisoner would render Appellant *per se* ineligible for SDTP unless the Commonwealth waived the disqualifier.[5] Plea counsel testified that the plea form Appellant signed for the instant case did not contain any reference to the Commonwealth waiving Appellant's disqualification for SDTP. She testified that she was surprised when she learned at the plea/sentencing hearing that the Commonwealth "did the heel turn [] and decided to make him ineligible for" SDTP because she believed based on her negotiation with the Commonwealth that the plea form

_____

[5] Pursuant to 61 Pa.C.S § 4103, a person eligible for SDTP "does not demonstrate a history of present or past violent behavior."

- 4 -

for the aggravated harassment case included waiver of ineligibility for SDTP. *Id.* at 13.

Plea counsel also testified that immediately following sentencing, she asked Appellant if he wanted her to file a motion for reconsideration of sentence because she believed the Commonwealth had not abided by its agreement and because Appellant's sentence was excessive, but that Appellant had not wanted her to do so. *Id.* at 17.

Appellant also testified at the PCRA hearing. He testified that his understanding when pleading guilty to Aggravated Harassment was that the Commonwealth had waived his prior and current history of violence as disqualifying from SDTP. He testified that he would not have pleaded guilty had he known he would be ineligible for SDTP. Appellant agreed that he told the court at the time of the plea that he had read and understood the terms of his plea agreement, had had ample time to discuss the plea with counsel, had made the decision to plead guilty himself, and did not have any questions about the agreement.

On September 6, 2024, the PCRA court denied Appellant's petition. The PCRA court found that both Appellant and plea counsel had an "apparent shared belief" that the Commonwealth had agreed to waive SDTP disqualifiers for both the aggravated harassment case and the theft case. PCRA Court Op., 9/6/24, at 6. The PCRA court—who also sat as the plea and sentencing court in this matter—also found that it expressly informed Appellant that he could potentially be deemed ineligible for SDTP. The court further found that

Appellant knowingly and intelligently entered into his guilty plea because he: (1) conferred with his attorney regarding the nature of the charges and the plea, and the potential maximum sentences; (2) indicated he was aware of the rights he was waiving by pleading guilty; and (3) signed a guilty plea form of his own volition. The court, therefore, concluded that Appellant's claim that his plea counsel was ineffective lacked merit because Appellant did not demonstrate that his counsel's act or omission adversely affected the outcome of the proceedings or that his underlying claim had arguable merit.

This timely appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) Statement.[6]

Appellant's counsel raised the following issues in the *Turner*/*Finley* brief:

> Was the [PCRA c]ourt's denial of Appellant's PCRA petition free of legal error and supported by the record?

*Turner*/*Finley* Brief at 5.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by* *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1)

---

[6] The PCRA court filed a Rule 1925(a) opinion in which it directed this Court to its September 6, 2024 opinion for its reasons for denying Appellant's petition.

- 6 -

detailing the nature and extent of his review; (2) listing each issue the petitioner wishes to have raised on review; (3) explaining why the petitioner's issues are meritless; and (4) requesting permission to withdraw. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.***

"[W]here counsel submits a petition and no-merit letter that [] satisfy the technical demands of ***Turner*/*Finley***, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case." ***Id.*** If the claims raised in the PCRA court have apparent merit, the reviewing court will deny either deny counsel's request to withdraw and grant Appellant relief or instruct counsel to file an advocate's brief. ***Id.***

Our review of the record reveals that Appellant's counsel has presented a comprehensive review of the issues Appellant seeks to raise on appeal and addressed the PCRA court's analysis where appropriate. ***Turner*/*Finley*** Brief at 12-15. Based on this analysis, counsel concludes that Appellant's claims are meritless. ***Id***. at 16.

It is not clear, however, that Appellant's claim—that his plea counsel was ineffective resulting in an unlawfully induced guilty plea—is meritless. The record reflects that Appellant based his decision to plead guilty to Aggravated Harassment on plea counsel's erroneous representation that he would be eligible for, and that the Commonwealth had agreed to waive his

- 7 -

disqualification from, SDTP. The record further reflects that counsel became aware of the Commonwealth's refusal to waive Appellant's disqualification from SDTP only after the trial court had already accepted Appellant's guilty plea, yet plea counsel took no action prior to the imposition of sentence to inform the court of counsel and Appellant's "shared" misunderstanding of the Commonwealth's position and the sentencing ramifications. Thus, our review indicates that the claim of plea counsel's ineffectiveness presented in Appellant's PCRA petition may have merit. We, therefore, direct counsel to file an advocate's brief within 30 days of the date of this decision. The Commonwealth shall have 14 days thereafter to file an appellee's brief.

Petition to withdraw denied. Counsel for Appellant is directed to file an advocate's brief consistent with this memorandum. Panel jurisdiction retained.